Robert N. Heath, Respondent, v. The Commercial Travelers Mutual Accident Association of America, Appellant.— Order modified by substituting for the direction that defendant shall produce upon the examination its minute book, complete records of all claims made by members of defendant and the disposition thereof, etc., as it appears at folios 12–13, a direction for the production of the minute book, and one of the following, at the option of plaintiff: (1) A record of all death claims filed after the members involved had lapsed for non-payments of assessments; (2) plaintiff may attend at the office of defendant at Utica, N. Y., and examine its records of all claims filed with defendant between January 1, 1934, and May 26, 1935, to ascertain the claims that were based upon accidents occurring subsequent to the mailing of a reinstatement request dated and signed by such members and accompanied by a remittance in the proper amount, said accidents occurring prior to the actual receipt of said mail by defendant. Such examination by plaintiff to be by persons to be agreed upon by plaintiff and defendant; (3) such examination to be conducted by nominees of defendant whose services are to be paid for by plaintiff; the purpose of such examination being as stated in option No. 2. After such examination, defendant will appear on five days' notice, by its proper official, at the court house in the city of Utica, to be examined concerning the matters set forth in the order from which the appeal is taken. The order hereon will be settled on three days' notice, at which time respondent will file his selection of the options hereinbefore set forth. As so modified, order, in so far as an appeal is taken, affirmed, without costs. Appeal from order denying reargument dismissed. Lazansky, P. J., Carswell, Davis, Johnston and Adel, JJ., concur. Settle order on notice. [See ante, p. 829.]

In the Matter of the Judicial Settlement of the Account of Proceedings of Charles H. Stoll and Eric W. Hunt, Respondents, as Successor Executors of and Successor Trustees under the Last Will and Testament of Antonin Chapal, Deceased. Claudia Chapal, and Others, Appellants.— In a proceeding to settle the accounts of the executors-trustees, appellants' objection to the account as shown in Schedule C, section 2, was overruled, and the taxes on certain real property in the trust were ordered charged against principal and not against income. Decree of the Surrogate's Court of Nassau county modified so as to provide that the objection be sustained and that the taxes on the real property owned by the decedent at the time of his death be charged against income. As so modified, the decree is unanimously affirmed, with costs, payable out of the estate, to all parties filing briefs. It does not appear from the will or from any circumstance in the case that there is a clear intention to deviate from the application of the general rule charging the expenses of real property in trust to income. Present — Lazansky, P. J., Hagarty, Johnston, Adel and Taylor, JJ.

In the Matter of the Final Judicial Settlement of the Accounts of Emidio D'Elia, as Committee of the Estate of Vito Del Carso or Del Corso, an Incompetent Person. Emidio D'Elia, as Committee, etc., of Vito Del Carso or Corso, an Incompetent Person, Respondent; Chamberlain of the City of New York, Appellant.— Appeal dismissed on call of calendar, there being no appearances and no briefs filed. Present — Lazansky, P. J., Hagarty, Davis, Adel and Taylor, JJ.